**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CECIL A. JACKSON,

        Plaintiff,

vs.                                             Case No. 3:13-cv-318-J-JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

_____/

**OPINION AND ORDER**[1]

**I. Status**

Cecil A. Jackson ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is a result of back pain and high blood pressure. Transcript of Administrative Proceedings (Doc. No. 7; "Tr." or "administrative transcript"), filed June 24, 2013, at 42-43. On June 2, 2010, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of April 1, 2009. Tr. at 109-12, 113-16. Plaintiff's applications were denied initially, see Tr. at 64-66, 67-69, and were denied upon reconsideration, see Tr. at 72-73, 74-75.

An Administrative Law Judge ("ALJ") held a hearing on July 27, 2011, during which Plaintiff, who was represented by the same counsel representing him on this appeal, and

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 8), filed June 24, 2013; Reference Order (Doc. No. 9), entered June 25, 2013.

a vocational expert ("VE") testified. Tr. at 26-58. At the time of the hearing, Plaintiff was fifty-two (52) years old. Tr. at 29 (reflecting Plaintiff's date of birth). On October 17, 2011, the ALJ issued a written Decision finding Plaintiff not disabled through the date of the Decision. Tr. at 12-21. On February 14, 2013, the Appeals Council denied Plaintiff's request for review, Tr. at 1-5, thereby making the ALJ's Decision the final decision of the Commissioner. Plaintiff commenced this action on March 25, 2013 under 42 U.S.C. § 405(g) and § 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

Plaintiff's issue on appeal focuses on the medical opinion of Robert Sury, M.D. ("Dr. Sury"). See Memorandum in Support of Plaintiff's Appeal of the Commissioner's Decision (Doc. No. 12; "Pl.'s Mem."), filed August 26, 2013, at 1-20. On November 18, 2013, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 15; "Def.'s Mem.") responding to Plaintiff's arguments. After a thorough review of the entire record and consideration of the parties' respective memoranda, the Commissioner's final decision is due to be reversed and remanded for the reasons explained herein.

## II. The ALJ's Decision

When determining whether an individual is disabled,[2] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in

---

[2] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 14-21. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since April 1, 2009, the alleged onset date." Tr. at 14 (emphasis and citation omitted). At step two, the ALJ found Plaintiff suffers from "the following severe impairments: lumbar degenerative disc disease status post discectomy in 1995, obesity, and hypertension." Tr. at 14 (emphasis and citation omitted). At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 15 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform less than light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b). [Plaintiff] is capable of: occasionally lifting/carrying twenty pounds; frequently lifting/carrying 10 pounds; standing or walking six hours of an eight hour workday; and sitting six hours of an eight hour workday. He is restricted to occasionally climbing ramps/stairs and ladders/ropes/scaffolds, balancing, stooping, kneeling, crouching, and crawling. [Plaintiff] requires the option to change positions between sitting and standing at will.

Tr. at 15 (emphasis omitted).  At step four, the ALJ found Plaintiff "unable to perform any past relevant work."  Tr. at 19 (emphasis and citation omitted).  At step five, after considering Plaintiff's age (fifty (50) years old on the alleged disability date), education ("limited"), work experience, and RFC, the ALJ found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform."  Tr. at 20 (emphasis and citations omitted).  Specifically, relying on the testimony of the VE, the ALJ identified jobs such as "Cashier II," "Ticket Taker," and "Ticket Seller[.]"  Tr. at 20.  The ALJ concluded, therefore, that Plaintiff "has not been under a disability . . . from April 1, 2009, through the date of th[e D]ecision."  Tr. at 21 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ."  Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'"  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence."  Cornelius v. Sullivan, 936 F.2d

1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

As noted above, Plaintiff's issue on appeal focuses on Dr. Sury's opinion. See generally Pl.'s Mem.  Some background information is necessary to fully place the issue in context.

Near the end of the hearing before the ALJ, the ALJ and Plaintiff's counsel discussed leaving the record open so that Plaintiff could submit additional evidence. See Tr. at 56-57.  After that hearing, on August 3, 2011, Plaintiff underwent a consultative examination with Dr. Sury. See Tr. at 332, 333.  On August 16, 2011, Plaintiff's counsel sent to the ALJ a letter dated August 12, 2011, along with copies of Dr. Sury's narrative report, Physical RFC Questionnaire, and Curriculum Vitae. See Tr. at 331-41.  Importantly, two pages of Dr. Sury's Physical RFC Questionnaire are not included in the administrative transcript. See Tr. at 337-38.  The Physical RFC Questionnaire is numbered in the lower right-hand corner of each page, with the first page numbered "1" and the second page numbered "4." See Tr. at 337-38.  The last question on page 1 is numbered "12," and the first question on page "4" is numbered "17." See Tr. at 337-38.  Page "4" begins with blank lines that are

apparently a continuation of the space provided to answer the previous question. See Tr. at 338.

In the Decision, the ALJ recognized that after the hearing, Plaintiff underwent "an orthopedic evaluation" by Dr. Sury. Tr. at 18. The ALJ summarized Dr. Sury's narrative report, and then assigned Dr. Sury's opinion "little weight." Tr. at 18. The ALJ reasoned as follows:

> Dr. Sury did not give any functional limitations resulting from [Plaintiff's] physical impairments. Determinations of disability under the Social Security Act are reserved to the Commissioner and are not within the competence of physicians whose conceptions of what constitutes disability are highly varied and generally do not coincide with the statutes, regulations, and rulings which govern decisions as to disability by the Social Security Administration. Furthermore, Dr. Sury indicated that his opinion of disability is based in part on [Plaintiff's] statement that he cannot read a newspaper. This statement is completely inconsistent with his testimony at the hearing that he sits on the porch and reads the newspaper.

Tr. at 18. The ALJ made no mention of the two pages missing from Dr. Sury's Physical RFC Questionnaire.[3]

After receiving the ALJ's Decision, Plaintiff's counsel apparently realized that the two pages were missing from Dr. Sury's Questionnaire, and Plaintiff's counsel brought it to the attention of the Appeals Council via a brief in the form of a letter. See Tr. at 185-86; Pl.'s Mem. at 17-18. The brief is dated November 1, 2011. See Tr. at 185. Counsel attached

---

[3]   In responding to Plaintiff's assertion that "even a haphazard or superficial review of the administrative transcript by the ALJ should have resulted in her noticing that the Sury RFC Form was missing two pages," Pl.'s Mem. at 13, Defendant states that "at the hearing, the ALJ specifically asked Plaintiff's attorney if the record was complete, and he responded in the affirmative," Def.'s Mem. at 12. Defendant is correct that at the beginning of the hearing, Plaintiff's counsel affirmed that the record was complete. See Tr. at 28. At the end of the hearing, however, the ALJ and Plaintiff's counsel discussed leaving the record open so Plaintiff could submit additional evidence. Tr. at 56-57. Based on the timeline of events, it is clear that Plaintiff's counsel's answer regarding the completeness of the record at the beginning of the hearing was correct at that time.

to the brief the "narrative report and Physical [RFC] Questionnaire dated August 3, 2011 and completed by [Dr.] Sury." Tr. at 185; see Pl.'s Mem. at 17. In its order, the Appeals Council noted that it "received additional evidence which it [made] part of the record. That evidence consist[ed] of . . . Representative brief dated November 01, 2011." Tr. at 5 (paragraph formatting omitted). While the brief appears in the administrative transcript, see Tr. at 185-86, the two missing pages of Dr. Sury's Physical RFC Questionnaire do not.

Plaintiff attached to his Memorandum a complete copy of Dr. Sury's Physical RFC Questionnaire. See Doc. No. 12-1 at 7-10.[4] The two missing pages, pages 2 and 3, reflect Dr. Sury's opinion as to Plaintiff's functional limitations. See id. at 8-9. Plaintiff argues that the ALJ abrogated her duty to develop a full and fair record by failing to consider and include in the administrative transcript Dr. Sury's complete Physical RFC Questionnaire.

"It is well-established that the ALJ has a basic duty to develop a full and fair record." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(d)). "Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." Id. (citing 20 C.F.R. § 416.912(a), (c)). To remand a case for the ALJ's failure to fully develop the record, there must be a showing that the claimant's right to due process has been violated because of such failure. Brown v. Shalala, 44 F.3d 931, 934-35 (11th Cir. 1995). Prejudice exists when the record contains evidentiary gaps which may cause the ALJ to reach an unfair determination due to the lack of evidence. Id. at 935.

---

[4] All references to page numbers of this document (Doc. No. 12-1) refer to the page numbers assigned by the Court's Electronic Case Filing System.

Plaintiff, in an attempt to meet his burden of proving his alleged disability, submitted Dr. Sury's opinion to the ALJ and to the Appeals Council. For reasons unknown, two of the pages did not make their way into the administrative transcript. In her Decision, the ALJ specifically discounted Dr. Sury's opinion based on the lack of "functional limitations" imposed by Dr. Sury. Tr. at 18. The two missing pages of Dr. Sury's Physical RFC Questionnaire, however, contain those limitations. See Doc. No. 12-1 at 8-9.

This Court is obligated to review "the record in its entirety to determine whether the" Commissioner's final decision is supported by substantial evidence. Carrington v. Heckler, 587 F. Supp. 61, 61-62 (M.D. Ga. 1984) (emphasis omitted). Without an explanation as to why those two pages were not incorporated into the administrative transcript and apparently not considered by the ALJ, the undersigned cannot determine whether the Decision is supported by substantial evidence. See Kitchen v. Astrue, No. 3:10-2150, 2012 WL 375250, at *3 (M.D. Pa. Feb. 3, 2012) (unpublished) (remanding a case to the Commissioner for further proceedings in part because a section of a physician's report was "incomplete and an entire page [of the report wa]s missing" from the administrative transcript). The undersigned finds, therefore, that the ALJ erred by failing to consider and incorporate into the administrative transcript the complete Physical RFC Questionnaire from Dr. Sury. That error is compounded by the ALJ's express statement that Dr. Sury did not opine as to Plaintiff's functional limitations, when in fact he did. These errors resulted in prejudice to Plaintiff and require remand.[5]

---

[5] In light of this finding, the undersigned need not address Plaintiff's argument regarding whether the Appeals Council erred by failing to consider and/or incorporate into the record the two missing pages of Dr. Sury's Physical RFC Questionnaire. See Pl.'s Mem. at 17-18.

## V. Conclusion

After due consideration, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and pursuant to 42 U.S.C. § 1383(c)(3) **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

   (A) Ensure that the entire Physical RFC Questionnaire completed by Robert Sury, M.D. is incorporated into the official administrative transcript;

   (B) Reconsider Dr. Sury's opinion, state with particularity the weight afforded to the opinion and the reasons therefor; and

   (C) Take such other action as may be necessary to resolve this matter properly.

2. The Clerk is further directed to close the file.

3. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** at Jacksonville, Florida on July 31, 2014.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

jlk
Copies to:
Counsel of Record